IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE, SUCCESSOR IN INTEREST
TO BANK OF AMERICA NATIONAL ASSOCIATION
AS TRUSTEE (SUCCESSOR BY MERGER TO
LASALLE BANK NATIONAL ASSOCIATION)
AS TRUSTEE FOR MORGAN STANLEY MORTGAGE
LOAN TRUST 2006-12XS,

    Plaintiff,

vs.                                                    Civ. No. 15-667 KG/CG

ANKE HERNANDEZ AND
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
(SOLELY AS NOMINEE FOR LENDER
AND LENDER'S SUCCESSOR AND ASSIGNS),

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Anke Hernandez's Notice of Removal of State Court Proceeding to U.S. District Court (Notice of Removal), filed on July 30, 2015, and Defendant Hernandez's request for a temporary restraining order (TRO), also filed on July 30, 2015.  (Docs. 1 and 2).  On August 4, 2015, the Court held a telephonic hearing on the Notice of Removal and the request for a TRO.  Joshua Spencer appeared on behalf of Plaintiff and Defendant Hernandez appeared *pro se*.

**A.  The Notice of Removal**

Federal courts strictly construe removal statutes and resolve all doubts in favor of remand.  *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party, Defendant Hernandez, has the burden to show that she properly removed the action.  *Baby C v. Price*, 138 Fed. Appx. 81, 83 (10th Cir. 2005).  In addition to lack of subject matter

jurisdiction, defects in the removal procedure are grounds for remand.  *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006).

At the August 4, 2015, hearing, the Court addressed the following procedural defects:  an untimely Notice of Removal, applicability of the forum-defendant rule, and failure to comply with the unanimity rule.  Mr. Spencer stated that Plaintiff does not waive any procedural defects in the removal of this case.  *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) ("a procedural defect … may be waived.").

### 1.  Timeliness of the Notice of Removal

28 U.S.C. § 1446(b)(1) states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…."  Defendant Hernandez filed the Notice of Removal more than seven years after the Complaint for Foreclosure was filed in state court.  Defendant Hernandez, therefore, does not meet the timeliness requirement for filing a Notice of Removal.

### 2.  The Forum-Defendant Rule

The forum-defendant rule states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Here, Defendant Hernandez, a properly joined and served defendant, is a citizen of New Mexico, the state in which this action was brought.  Consequently, the forum-defendant rule applies and supports remanding this matter to state court.

### 3. The Unanimity Rule

The unanimity rule states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."[1]  28 U.S.C. § 1446(b)(2)(A).  Exceptions to the unanimity rule exist when nominal or unserved defendants do not join or consent to removal.  *Williams v. Bd. of Regents of Univ. of New Mexico*, 990 F. Supp. 2d 1121, 1139 (D.N.M. 2014).

In this case, the Court finds that Defendant Mortgage Electronic Registration Systems, Inc. (MERS) is not a nominal party.  Moreover, courts have found that a defaulted party, like MERS, is not a nominal party.  *City of Los Angeles v. Hamada, Inc.*, 2012 WL 4951192, at *2 (C.D. Cal.) ("District courts in a number of circuits have found removal notices to be procedurally defective where a defendant encumbered by a default judgment against it in state court has failed to join in the notice.").  Because MERS is not a nominal party or otherwise exempt from the unanimity rule, MERS was required to consent to removal.  MERS' failure to consent to the Notice of Removal violates the unanimity rule.

### 4. Conclusion

Defendant Hernandez has not carried her burden of showing that she properly removed the case.  Remand is, therefore, appropriate.

### B. The Request for a TRO

To the extent that the Court may have subject matter jurisdiction, the Court addresses Defendant Hernandez's request for a TRO.  Defendant Hernandez seeks to stay this case for 60 days pending the filing of a 42 U.S.C. § 1983 federal lawsuit against private entities.  To decide

---

[1] Section 1441(a) states in pertinent part:  "any civil action brought in a State court of which the district courts of the United States have original jurisdiction [e.g., diversity jurisdiction], may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

whether a TRO should issue, the Court considers: (i) whether the movant will suffer irreparable injury unless the injunction issues; (ii) whether the threatened injury outweighs whatever damage the proposed injunction will cause the non-movant; (iii) whether the requested injunction is adverse to the public interest; and (iv) whether there is a substantial likelihood of the movant succeeding on the merits.  *Prairie Band of Potawatomi Indians v. Pierce*, 64 F. Supp. 2d 1113, 1114 (D. Kan. 1999).  For the reasons stated on the record, Defendant Hernandez has failed to demonstrate that the above four factors favor granting her request for a TRO.  Thus, the Court denies her request for a TRO.

    IT IS ORDERED that

    1.  this lawsuit will be remanded to the Seventh Judicial District Court, County of Torrance, State of New Mexico; and

    2.  to the extent the Court may have subject matter jurisdiction, Defendant Hernandez's request for a TRO (Doc. 2) is denied.

_____
UNITED STATES DISTRICT JUDGE